UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:08CR555 CDP |
| | ) | |
| STEVEN D. MASTERS, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on the parties' pretrial motions. Pursuant to 28 U.S.C. § 636(b), the motions were referred to United States Magistrate Judge David D. Noce. Judge Noce held an evidentiary hearing and then filed a Report and Recommendation, which recommended that the motions be denied. Defendant then filed objections, including a request to reopen the hearing for additional evidence. I heard the additional evidence on February 5, 2009. Although a superseding indictment was recently filed, it did not raise any new suppression or other issues, and so defendant has not filed additional motions.

I have conducted a <u>de novo</u> review of all matters relevant to the motions, including listening to the recording of the hearing before Judge Noce, reviewing all evidence presented to him, and, of course, considering the evidence presented at the hearing before me. I reach the same conclusions as Judge Noce did: the

evidence should not be suppressed.

Judge Noce concluded that exigent circumstances justified the law enforcement officers' warrantless entry to the house, that they observed many items in plain view that constituted evidence of a crime, and that the later-obtained search warrant was valid. I agree with these conclusions and adopt the findings set out in Judge Noce's Report and Recommendation in their entirety.

Defendant testified at the supplemental hearing before me that he was ill and had gone to bed on the night of the search. He stated that when he went to bed a girl was cooking pizza, but when he awoke around 10:30 p.m. to take medicine, she was gone. He denied that there were any odors in the home, contrary to the police officer's testimony at the first hearing that the officers smelled strong odors of chemicals associated with manufacturing methamphetamine.

Defendant testified that the police held him and others in the house for 45 minutes to an hour before removing them to the outside. He argues that this detention inside the house shows that the police claim of exigent circumstances is false. Keeping the occupants inside the home, he argues, is inconsistent with a claim that they had to enter without a warrant because of the belief that chemicals or manufacturing methamphetamine could be a danger to the occupants.

I do not find defendant's testimony to be persuasive. Defendant admits that the fire department was called to ventilate the house, which is entirely consistent with the police officer's testimony about the chemical odors. As Judge Noce found, the law enforcement officers had evidence, including information from an informant and their own observations, which constituted probable cause to believe that methamphetamine was being manufactured in the home. The overwhelming chemical odor coming from the home gave them reason to believe that there was a severe safety hazard in the home. This constituted exigent circumstances to justify the warrantless entry into the home.

Once the officers entered the home, they saw many items in plain view that constituted evidence or instrumentalities of a crime, and they would have been justified in seizing these items even without a warrant. They did obtain a warrant, however. The affidavit in support of the warrant application contains probable cause for a search, and the warrant was valid. There is no basis for suppressing the evidence seized from the search.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of the United States Magistrate Judge [#29] is **SUSTAINED, ADOPTED, and INCORPORATED** herein.

**IT IS FURTHER ORDERED** that defendant's motions to suppress evidence [#14, 23] are denied, and the government's motions for a determination of the admissibility of the evidence [#15, 19] are granted.

As defendant has not filed any additional motions relating to the superseding indictment,

**IT IS FURTHER ORDERED** that the referral of this matter to United States Magistrate Judge David D. Noce is terminated; the hearing before Judge Noce previously set for March 27, 2009 is canceled; and this matter is set for **jury trial on the docket beginning on Monday, March 30, 2009 at 8:30 a.m.**

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 10th day of March, 2009.